## UNITED STATES v. WOOD.

### (District Court, D. Oregon. October 21, 1895.)

#### No. 3,976.

PERJURY—FALSE AFFIDAVIT BY PURCHASER OF TIMBER LANDS.

 Applicants to purchase timber lands are required by statute to file an affidavit that the land is unfit for cultivation, uninhabited, and unimproved, and, to the best of the applicant's belief, contains no valuable mineral deposits, etc. The land department, by its regulations, has prescribed the additional requirement that the applicant shall swear that he personally examined the land. *Held,* that a charge of perjury may be predicated upon a false statement in the affidavit that the applicant personally examined the land; for the statute defining perjury in such cases (Act March 3, 1857; 11 Stat. 250) includes affidavits made in compliance with "orders, regulations, or instructions" concerning public lands issued by the department officials, as well as those made in compliance with acts of congress.

This was an indictment against John Wood for procuring another to swear falsely in a certain affidavit filed by defendant in support of an application to purchase timber land.

Daniel R. Murphy, U. S. Atty., and Charles J. Schnabel, Asst. U. S. Atty.

J. F. Caples and G. W. Allen, for defendant.

BELLINGER, District Judge. The defendant was found guilty under an indictment charging that he procured one Karl Johnson to swear falsely that he (Johnson) had made personal examination of certain land which he desired to purchase, and that the same was unfit for cultivation, etc. A second count in the indictment charged the defendant with procuring a like false oath from one P. August Johnson. The act of congress applicable in this case provides that

applicants to purchase timber lands shall file a sworn statement, designating the land; that the same is unfit for cultivation, and valuable chiefly for its timber or stone; that it is uninhabited, contains no mining or other improvements, or valuable deposits of minerals; that applicant has made no other application under this act; and that he applies in good faith for the same, for his own use and benefit. The circular of instructions issued by the land department prescribes an additional requirement in the sworn statement to be made by the applicant, as follows: "That I have personally examined said land, and, from my personal knowledge, state that said land is unfit for cultivation, and valuable chiefly for its timber," etc. The act of congress does not require the affidavit to state that the applicant has "personally examined said land," and the point is made that the averment in this respect is therefore immaterial. By the act of March 3, 1857 (11 Stat. 250), it is provided that, "in all cases where any oath, affirmation, or affidavit shall be made or taken, such oaths, affirmations, or affidavits, where made, used, or filed in any of the local land offices or in the general land office, as well in cases arising under any or either of the orders, regulations, or instructions concerning any of the public lands of the United States, issued by the commissioner of the general land office or any other proper officer of the government of the United States, as under the laws of the United States in any wise relating to or affecting any right, etc., and any person or persons shall, taking such oath, affidavit, or affirmation, knowingly, willfully, or corruptly swear falsely, the same shall be taken and deemed to be perjury." It is competent under this statute for the proper officers of the government, as a regulation in the sale of these lands, to require the affidavit of personal examination and personal knowledge on the part of the applicant. The oath required by the act of congress providing for the sale of these lands contains two parts: One, that the land is unfit for cultivation, uninhabited, and unimproved; and the other, that, to the best of the belief of the applicant, the land contains no valuable deposits of mineral, etc. This last part may be made on information, but the first statement necessarily implies a personal knowledge of the land. The requirement of the department as to the affidavit of personal examination is in conformity with the requirement of the first part of the oath provided by the statute.

It may be questioned whether or not, without the rule or without an affidavit of personal examination, a party taking the oath prescribed by the statute, who has not in fact personally examined the land, may not still be guilty of perjury in swearing absolutely to a state of facts which implies such personal examination. The point, therefore, made in support of the motion for a new trial, that the affidavit of personal knowledge is immaterial, is not well taken.

It is further urged in support of the motion that the testimony of Karl Johnson shows personal knowledge of the land, and brings the case substantially within the rule of 14 Land Dec. Dept. Int. p. 436, where it was held that a party may personally examine the land applied for by inspecting it from an elevation, and that an affidavit of personal examination upon such an inspection is substantial com-

pliance with the law. The testimony of Karl Johnson does not show knowledge of the land. On the contrary, Karl Johnson testified that he had never seen the land, and that he does not know where it is. The affidavit of Johnson, therefore, that he had personally examined the land, is false, and he is guilty of perjury under the statute and regulation in question. The motion for a new trial is denied.